UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JOSE FREDY VEGA SERRATO,

    Petitioner,

v.                                                                                Case No: 6:26-cv-599-JSS-LHP

LOUIS A. QUINONES, JR., TODD
LYONS, PAMELA BONDI,
GARRETT RIPA, IMMIGRATION
& CUSTOMS ENFORCEMENT
(ICE), KRISTI NOEM, and
DEPARTMENT OF HOMELAND
SECURITY (DHS),

    Respondents.

_____/

## ORDER TO SHOW CAUSE

The parties seem to dispute whether Petitioner received a Notice to Appear (NTA) or was arrested pursuant to a warrant. (*See* Dkt. 1 at 2, 5, 7–8; Dkt. 9 at 6.) Petitioner asserts that he "was not arrested pursuant to a warrant." (Dkt. 1 at 7.) According to Respondents, "[t]he Department of Homeland Security [(DHS)] issued the [NTA] on February 18, 2025" and "DHS issued the warrant on March 13, 2026," both "before Petitioner was taken into ICE custody on or after March 17, 2026." (*Id.*)

The court notes that the NTA was served by regular mail, to which a weaker presumption of receipt applies, assuming that it was "properly addressed to the [individual]'s last known address." *Qi Hu Sun v. U.S. Atty. Gen.*, 543 F. App'x 987, 989 (11th Cir. 2013) (explaining that while a "presumption of receipt" applies to an NTA, "this presumption is weaker than the one accorded to a notice sent by certified mail");

*Markova v. U.S. Atty. Gen.*, 537 F. App'x 871, 873–874 (11th Cir. 2013) ("Where, as here, notice is sent by regular mail, the [Board of Immigration Appeals] presumes delivery and receipt of that notice if it was properly addressed and mailed according to normal office procedures, though the presumption is weaker than when notice is sent by certified mail." (quotation omitted)); *Sembiring v. Gonzales*, 499 F.3d 981, 987 (9th Cir. 2007) ("[A]pplication of a lower evidentiary burden to overcome the presumption when a notice is sent by regular mail is based on the common experience that most letters are delivered, but some are[ no]t." (alterations adopted and quotation omitted)).  (*See* Dkt. 9-2 at 2.)  The court also notes that the warrant submitted by Respondents is dated March 15, 2026, but was not served upon Petitioner until March 23, 2026, five days after this petition was filed.  (Dkt. 9-3; *see* Dkt. 1.)  *See United States v. Wong Kim Bo*, 466 F.2d 1298, 1305 n.17 (5th Cir. 1972) (explaining in the context of an immigration statute that the issuance and service of a warrant constitutes an arrest, and that only "[o]nce service has been had" has "an arrest has been consummated").

Accordingly, on or before April 5, 2026, the parties shall **SHOW CAUSE** as to whether 1) Petitioner should be presumed to have received the NTA and 2) Petitioner was arrested pursuant to a warrant.

**ORDERED** in Orlando, Florida, on April 2, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record